**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JUAN EVORA**

**v.** **C. A. NO. 07-322 S**

**STEPHEN BOYD, ET AL**

**DEFENDANTS' OBJECTION TO**
**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT**

Now come the defendants Stephen Boyd, Lt. Meunier and William Begones and make a special appearance, by and through their Counsel, for the exclusive purpose of objecting to plaintiff's motion for entry of default as and for the reasons proffered in the accompanying Memorandum.

DEFENDANTS,
By Their Attorney,

/S/ Michael B. Grant

_______________________

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864

CERTIFICATION

The undersigned hereby certifies that on this 19th day of December, 2007, I mailed a true copy of the within Defendants' Objection to Plaintiff's Motion for Entry of Default and accompanying Memorandum to Juan Evora, P. O. Box , Cranston, Rhode Island 02920.

/S/ Michael B. Grant

___________________________

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JUAN EVORA**

**v.** **C. A. NO. 07-322 S**

**STEPHEN BOYD, ET AL**

**MEMORANDUM**

Plaintiff seeks entry of default against the defendants. Plaintiff, in September 2007, by U. S. Postal Service, mailed a copy of the complaint as well as a Waiver of service of summons to defendants Stephen Boyd and Lt. Meunier at the Medium Security Facility, Cranston, Rhode Island 02920. Plaintiff's motion should be denied based on the following. Defendant Begones has not received any pleadings from plaintiff regarding the instant action.

Plaintiff has failed to file proof of service pursuant to Fed. R. Civ. P. (l) as to any of the defendants, and although urges that he has mailed the said defendants with a copy of the complaint and waiver forms, the defendants have not waived formal service of process.

Plaintiff's attempt to properly serve the defendants by mailing a copy of the complaint to defendants at the Medium Security Facility is insufficient to entitle plaintiff to entry of default.

Federal Rule of Civil Procedure 4(c)(1) and 4c)(2) states in pertinent part:

> 4(c)(1) "A summons shall be served together with a copy of the complaint. The Plaintiff is responsible for service of a summons and complaint within the time allowed under Subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint."
>
> 4(c)(2) "Service may be effected by any person who is not a party and who is at least 18 years of age. At the request of the Plaintiff,

> however, the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specifically appointed by the Court for that purpose."

In light of the fact that the defendants Stephen Boyd and Lt. Meunier have not been properly served with process and defendant Begones has not received any pleadings, Plaintiff is not entitled to entry of default under Fed.R.Civ.P. 55.

Accordingly, in light of the fact that the Plaintiff has failed to properly serve the defendants, his motion for entry of default should be denied.

Respectfully submitted,

/S/ Michael B. Grant
______________________________

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864