**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JUAN G. EVORA**

**v.** **C.A. No. 07-322 S**

**STEPHEN BOYD, ET AL.**

## REPORT AND RECOMMENDATION

Plaintiff Juan Evora, *pro se*, an inmate in the custody of the Rhode Island Department of Corrections, alleges that defendants violated his civil rights by mishandling an investigation and disciplinary hearing regarding a fight plaintiff had with another inmate. Presently, before the Court is defendants' motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure (the "Federal Rules") for insufficient service of process. Docket # 10. Plaintiff has objected to this motion. Docket # 12. This matter has been referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, I recommend that defendants' motion be GRANTED. I have determined that a hearing is not necessary.

## BACKGROUND

On August 23, 2007 plaintiff filed a complaint naming Warden Stephen Boyd, Lt. Meunier, and William Begones as defendants. He claims he mailed a copy of the complaint and a request for waiver of summons by first class United States mail to each defendant on

August 29, 2007. *See* Docket # 12. Plaintiff subsequently filed an amended complaint on September 7, 2007, and claims that he mailed a copy of the amended complaint, a notice of lawsuit and a request for waiver of service of summons by first class United States mail to each defendant. *See* Docket # 13. Defendants Boyden and Meunier state that they received a copy of the complaint and a request for waiver of service via mail, but never received an amended complaint while defendant Begones states that he never received any pleadings in this matter. *See* Docket # 10. Plaintiff does not claim to have attempted service via other means.

Defendants filed the instant motion to dismiss on January 9, 2008, 139 days after plaintiff filed his complaint and 124 days after he filed his amended complaint.

## ANALYSIS

### I. Motion to Dismiss Pursuant to Rule 12(b)(5)

A defendant may move for dismissal based on insufficiency of service of process pursuant to Federal Rule 12(b)(5). Service of process is insufficient if it does not comply with the procedural requirements set forth in Rule 4 of the Federal Rules. Plaintiff bears the burden of establishing that service was valid. *See Saez Rivera v. Nissan Mfg. Co.*, 788 F.2d 819, 821 n.2 (1st Cir. 1986).

### II. Failure of Service of Process Under Rule 4

Plaintiff here attempted to secure a waiver of service of process under Rule 4(d) of the Federal Rules to obviate the

requirement that he serve process on defendants formally. Under Rule 4(d), a plaintiff may notify a defendant of the lawsuit and request a waiver of service in writing sent through first class mail or other reliable means. If the plaintiff receives the waiver back from the defendant, upon filing the waiver with the court, the action proceeds as if a summons and complaint had been served upon the defendant. Fed.R.Civ.P. 4(d). The rule encourages defendants to return the waiver by requiring defendants who choose not to comply to pay for the cost of service, but the rule does not require defendants to waive service. Fed.R.Civ.P. 4(d); *see, e.g.*, *Greenier v. Champion Int'l Corp.*, 2000 WL 1511196 (D.Me. 2000).

In this case, while it is not clear which documents were sent by plaintiff and received by defendants in plaintiff's attempt to obtain a waiver of service, it is undisputed that no defendant returned the waiver of service of summons. Therefore, plaintiff was required to serve the defendants with a copy of the amended complaint and summons in a manner provided by Rule 4(e) relating to service of individuals within the United States. It is clear that plaintiff has not served defendants nor attempted to serve the defendants pursuant to this rule, relying solely on his request for waiver of service of process. Accordingly, defendants have not been properly served in this case.

**III. Time Limit Under Rule 4(m)**

Additionally, Rule 4(m) of the Federal Rules provides that

courts may dismiss an action against a defendant if service of the summons and complaint is not made upon such defendant within 120 days from the filing of the complaint, unless the plaintiff shows good cause for the failure. Fed.R.Civ.P. 4(m). Here, more than 120 passed between plaintiff's filing his complaint, as well as his amended complaint, and defendants' filing their motion to dismiss. I do not find, and plaintiff does not urge, good cause for the failure to sufficiently serve process on defendants. Further, to date, almost 10 months have passed, and plaintiff has neither successfully served defendants nor moved for an enlargement of time to do so.

Therefore, I recommend that defendants' motion to dismiss for insufficient service be GRANTED and the action be dismissed.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to filed timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).



Jacob Hagopian
Senior United States Magistrate Judge
June 17, 2008